Filed 2/2/22  P. v. Bibbs CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B313097 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA134204) |
| v. | |
| BRANDON LEON BIBBS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lillian Vega Jacobs, Judge. Affirmed.

Brandon Leon Bibbs, in pro. per.; and Jack T. Weedin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

_____

After the superior court denied Brandon Leon Bibbs's motion to suppress evidence pursuant to Penal Code section 1538.5, Bibbs pleaded no contest to one count of first degree automated teller machine (ATM) robbery (Pen. Code, §§ 211, 212, subd. (b)) and admitted he had personally used a firearm during the commission of the offense (Pen. Code, § 12022.53, subd. (b)). Pursuant to the terms of a negotiated agreement, the court dismissed 10 additional counts of robbery and one count of attempted robbery and sentenced Bibbs to a state prison term of 14 years (the middle term of four years for first degree robbery plus 10 years for the firearm-use enhancement).

No arguable issues were identified by Bibbs's appointed appellate counsel after his review of the record. We also have identified no arguable issues after our own independent review of the record and analysis of the contentions presented by Bibbs in his handwritten supplemental brief. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

A "felony complaint for arrest warrant" charging Bibbs with 12 counts of second degree robbery, committed between November 11, 2012 and January 18, 2014, was prepared and signed by a deputy district attorney. The superior court's minute orders state the complaint was filed March 12, 2014. Judge Leland H. Tipton authorized issuance of an arrest warrant on March 17, 2014.

Bibbs's case was called for arraignment on April 25, 2016 and continued to May 31, 2016. On May 31, 2016 Bibbs, represented by private counsel, waived arraignment, reading of the complaint and a statement of his constitutional and statutory rights and pleaded not guilty to each of the 12 counts.

2

The felony complaint was amended twice and ultimately charged Bibbs with one count of attempted first degree ATM robbery, two counts of first degree ATM robbery and 11 counts of second degree robbery. At the preliminary hearing, after the magistrate judge denied as untimely Bibbs's request to represent himself, the court found the evidence presented (with enhancements) was sufficient as to 10 of the counts charged.

The information filed January 31, 2017 charged Bibbs with one count of attempted first degree robbery, two counts of first degree robbery and nine counts of second degree robbery. He was arraigned on the information the same day. After multiple continuances, on April 19, 2019 Bibbs waived his right to counsel and exercised his right to represent himself.

On February 20, 2020 Bibbs, representing himself, filed a handwritten motion pursuant to Penal Code section 1538.5 to suppress identification evidence based on illegal arrest, asserting he had been arrested without a warrant and, therefore, his post-arrest identification by the robbery victims was unlawful. In support Bibbs argued the original felony complaint on which he was arraigned had never been filed, the second amended felony complaint lacked the required verification by the investigating officer, and his arrest was not supported by probable cause. At the February 27, 2020 hearing on his motion, in response to the court's questions Bibbs succinctly explained his theory that his arrest was unlawful, "There was no felony complaint to show any probable cause for the charges in reference to any authorization." The court responded that the court file contained a felony complaint filed March 12, 2014, which authorized the issuance of an arrest warrant, and a copy of the document had been made and provided to Bibbs. The court denied the motion.

On August 21, 2020 Bibbs filed a motion to reconsider his motion to suppress identification evidence.  The court denied the motion on September 4, 2020, explaining the motion to reconsider did not contain any new or different facts or law from those previously presented to the court.  On April 6, 2021 Bibbs filed another motion to reconsider his suppression motion.  The court again denied the motion, stating at the hearing, "I am familiar with the issues and the legal argument you have made previously, Mr. Bibbs.  And I don't see anything [new] articulated in your motion."

On June 11, 2021, after Bibbs relinquished his right to represent himself, and following discussions between the prosecutor and defense counsel, Bibbs entered a plea of no contest to count 5 of the information, which charged first degree ATM robbery, and admitted he had personally used a firearm when committing the offense.  On June 15, 2021 the trial court sentenced Bibbs to a state prison term of 14 years with credit for 2,163 days (1,881 actual days and 282 days of custody credit).  Pursuant to the negotiated agreement all remaining counts and enhancements were dismissed.

Bibbs filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent Bibbs on appeal.  After reviewing the record, counsel filed a brief raising no issues.  Appointed counsel advised Bibbs on January 4, 2022 that he could personally submit any contentions or issue he wanted the court to consider.

On January 24, 2022 we received a two-page handwritten supplemental brief in which Bibbs simply restated, without elaboration, his contention his motion to suppress evidence of his

4

post-arrest identification by the robbery victims should have been granted because there was no reason for his arrest and he was not arrested pursuant to a validly issued arrest warrant.  Bibbs provided no basis for this court to determine the trial court erred in finding a felony complaint authorizing issuance of a warrant for his arrest had been properly prepared and filed in the case.

We have examined the record and are satisfied Bibbs's appointed appellate counsel has fully complied with the responsibilities of counsel and no arguable issue exists.  (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The judgment is affirmed.


PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.